UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN SPEARS,

Plaintiff,

v.

EL DORADO COUNTY JAIL, et al.,

Defendants.

No. 2:16-cv-2177 EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. He filed his initial complaint on September 13, 2016. ECF No. 1. On November 27, 2018 and after plaintiff had filed an amended complaint (ECF No. 11), the court determined that service was appropriate for defendants Holston, Britton, Olson, Bianchi, and the El Dorado County Jail. ECF No. 12. All defendants save for Holston were served. ECF Nos. 17, 19, & 21. An attempt to serve Holston was unsuccessful, with the El Dorado County Jail indicating that no one by that name was ever employed at the facility. ECF No. 16. On May 1, 2019, the court directed plaintiff to provide new service information for Holston within thirty days. ECF No. 24.

On July 17, 2019, plaintiff submitted three filings. First, he moved to amend his complaint to add California Forensic Medical Group ("CFMG") which, he contends, is the entity which employs the other defendants and is responsible for the policies he complains of. ECF No.

1

28 at 2. In conjunction with the first filing, plaintiff has submitted a proposed second amended complaint. ECF No. 29. Third, plaintiff has filed a motion for extension of time which seeks a second thirty-day extension (plaintiff was previously granted a thirty-day extension (ECF No. 27)) to comply with the court's order to provide new service information for Holton. ECF No. 30. For the reasons stated hereafter, the motion to amend the complaint is granted, the motion for extension of time is granted, and plaintiff is directed to submit service information for CFMG. In light of plaintiff's representations regarding the role of CFMG, it is recommend the El Dorado County Jail be dismissed as a defendant.

Lastly, plaintiff has moved to modify the discovery and scheduling order in light of his motion to amend. ECF No. 40.

Amended Complaint

Leave to amend should be freely granted pursuant to Federal Rule of Civil Procedure 15(a). Here, plaintiff asserts that he only learned of CFMG's alleged role in his medical care recently. Thus, the court finds that leave to amend should be granted. The court must screen the new amended complaint.

I. Screening

A. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are

true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

    B.  <u>Analysis</u>

The second amended complaint maintains the claims which the court previously found viable against defendants Bianchi, Holston, Britton, and Olson. Additionally, plaintiff now states that these defendants were in the employ of CFMG, which had assumed responsibility for all inmate medical care at the El Dorado County Jail. ECF No. 29 at 15-16. Plaintiff will be allowed to pursue a claim against CFMG. The protections of the Eighth Amendment apply to a private medical provider when it contracts with the state to provide medical care to prisoners. *See West v. Atkins*, 487 U.S. 42, 55-56 (1988); *see also Hagan v. California Forensic Medical Group et al.*, No. CIV. S-07-1095 LKK/DAD, 2009 U.S. Dist. LEXIS 24301, 2009 WL 728465, *7 (E.D. Cal. 2009) ("CFMG employees have assumed a public function in providing medical care to inmates on behalf of the County. In performing this function, they are state actors whose conduct is limited by the Eighth Amendment.").

The County of El Dorado, in light of the new claims against CFMG, should be dismissed.

/////
/////
/////
/////

Crucially, plaintiff has not identified any specific harmful policies or customs which should be attributed to the County of El Dorado, rather than CFMG.[1] *See George v. Sonoma County Sheriff's Department*, No. C-08-02675 EDL, 2010 U.S. Dist. LEXIS 111193, 2010 WL 4117381 at *12 (N.D. Cal. Oct. 19, 2010) ("Plaintiffs, however, have cited no binding authority for the position that these regulations would impose liability on the County Defendants based on CFMG policies, practices and manuals. Accordingly, Plaintiffs have failed to raise a triable issue of fact as to County Defendants' liability based on actions by CFMG employees."); *cf., e.g.*, *Hagan*, *supra*, 2009 U.S. Dist. LEXIS 24301, 2009 WL 728465 at *7 ("if CFMG employees commit a constitutional violation, and the moving force behind this violation was a County policy manifesting deliberate indifference to constitutional rights, then the County may be liable"). Nor has plaintiff alleged, in any substantive and specific terms, that the County of El Dorado knew or should have known that prisoners were receiving inadequate medical treatment from the entity it had contracted with. Thus, the County of El Dorado will be recommended for dismissal. *See Castillo v. Solano County Jail*, No. 2:08-cv-3080 GEB KJN P, 2011 U.S. Dist. LEXIS 89872, 2011 WL 3584318, at *10 (E.D. Cal. Aug. 12, 2011) (dismissing county where "plaintiff fail[ed] allege any basis for holding defendant Solano County liable for the medical decisions it delegated to defendant CFMG employees.").

Extension of Time

Plaintiff, having shown diligence in attempting to discover appropriate service information for defendant Holston, will be afforded an additional thirty days to provide that information.

Motion to Compel

In light of the recommendation that El Dorado County be dismissed, plaintiff's motion to compel against the county (ECF No. 33) will be denied without prejudice. In the event that this court's recommendation is not adopted, plaintiff may renew his motion to compel.

---

[1] Rather, he vaguely alleges that the county had unspecified "policies in place during relevant times" and that these policies dictated the actions of medical staff. ECF No. 29 at 15-16. This is insufficient.

4

## Motion to Modify Discovery and Scheduling Order

Plaintiff's motion, as it stands, is too vague in terms of which deadlines ought to be modified and to what extent. Plaintiff's motion is denied without prejudice to the filing of a motion that includes proposals for new deadlines in this action. If feasible, the parties shall meet and confer and submit a stipulated modification to the discovery and scheduling order.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's motion to amend (ECF No. 28) is GRANTED;

2. This action will proceed based on plaintiff's second amended complaint (ECF No. 29);

3. The Clerk of Court shall add California Forensic Medical Group as a defendant to this action;

4. Plaintiff's motion to modify the scheduling order (ECF No. 40) is denied without prejudice.

5. Plaintiff's second amended complaint alleges, for screening purposes, viable Eighth Amendment claims for deliberate indifference and Equal Protection Clause claims under the Fourteenth Amendment against California Forensic Medical Group;

6. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the July 17, 2019 amended complaint, and one USM-285 form and instructions for service of process on California Forensic Medical Group. Within 30 days of service of this order, plaintiff shall return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendant California Forensic Medical Group will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure;

7. Plaintiff's motion for extension of time (ECF No. 30) is GRANTED;

8. Plaintiff must submit service information for defendant Holston (consistent with the court's May 1, 2019 order at ECF No. 24) within thirty days from the date of service of this order;

9.  Plaintiff's motion to compel (ECF No. 33) is DENIED without prejudice;

10.  Failure to comply with this order may result in the dismissal of this action; and

11.  The Clerk of Court is directed to randomly assign a United States District Judge to this case.

Further, it is RECOMMENDED that the County of El Dorado be dismissed without prejudice from this action for the reasons identified above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 16, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SPEARS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EL DORADO COUNTY JAIL, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-2177 EFB P<br><br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　　In accordance with the court's Screening Order, plaintiff hereby submits the following for defendant California Forensic Medical Group:

　　　　　__1__　　completed summons form

　　　　　__1__　　completed forms USM-285

　　　　　__2__　　copies of the July 17, 2019 complaint

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated: