UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SPEARS, | No. 2:16-cv-2177-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| EL DORADO COUNTY JAIL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a motion to compel further discovery responses (ECF No. 67) from defendant California Forensic Medical Group (CFMG). CFMG opposes the motion (ECF No. 70), save for one of the requests. For the reasons stated below, plaintiff's motion is granted.

Relevant Background

The court screened plaintiff's original complaint, ECF No.1, and gave plaintiff the option of either filing an amended complaint or proceeding with certain claims identified by the court as cognizable. ECF No. 6. Plaintiff filed a first amended complaint, ECF No. 11, alleging in part that he had experienced racial discrimination[1] while confined to the El Dorado County Jail from April 12, 2012 to February 25, 2015, and from July 6, 2016 to August 3, 2016. *Id.* at 2-4, 7. The

---

[1] Plaintiff is African American.

1

court screened the first amended complaint and identified the following cognizable claims, which arose during the latter time period:

    (1) Violation of the Eighth Amendment and the Equal Protection Clause of the 14th Amendment by defendants Holston and Britton for denying plaintiff an extra mattress and other medical necessities;

    (2) Violation of the Eighth Amendment and the Equal Protection Clause of the 14th Amendment by El Dorado County Jail for policies regarding extra blankets and mattresses and allotment of funds per inmate for medical care; and

    (3) Violation of the Eighth Amendment by defendants Olson and Bianchi for denying or interfering with plaintiff's Humira prescription.  ECF No. 12 at 3.

On July 17, 2019, plaintiff filed a motion to amend accompanied by a proposed second amended complaint.  ECF Nos. 28, 29.  The court granted the motion to amend.  ECF No. 45.  The second amended complaint was virtually identical to the first amended complaint, save for additional references to "racial bias," "unequal treatment," and a request that "[a]ll defendants receive racial sensitivity training."  *See* ECF No. 29 at 4, 6, 8.  In screening the second amended complaint, the court found that it "maintain[ed] the claims which the court previously found viable against defendants Bianchi, Holston, Britton, and Olson," and that plaintiff could also "pursue a claim against [defendant] CFMG" in place of the previously named defendant, El Dorado County.  ECF No. 45 at 3.  In allowing plaintiff to proceed against CFMG in place of El Dorado County, the court referenced case law establishing that the protections of the Eighth Amendment apply to private medical providers such as CFMG.  In doing so, the court did not rule or suggest that the Fourteenth Amendment equal protection claim against El Dorado County was in any way extinguished.  Rather, CFMG took the place of El Dorado County with respect to plaintiff's Eighth Amendment and Fourteenth Amendment equal protection claims.  *See id.* at 5 ("Plaintiff's second amended complaint alleges, for screening purposes, viable Eighth Amendment claims for deliberate indifference and Equal Protection Clause claims under the Fourteenth Amendment against California Forensic Medical Group").

/////

On April 22, 2020, plaintiff moved to substitute a "Dr. Meinholz" in place of "Doctor Doe #1 (Dr. Holston). ECF No. 63. On May 5, 2020, the court informed plaintiff that to properly substitute Dr. Meinholz for defendant Holston, he must file a third amended complaint that replaces the references to "Doctor Doe #1 (Dr. Holston)" with "Dr. Meinholz." ECF No. 64. On May 26, 2020, plaintiff filed a third amended complaint in accordance with that order. ECF No. 65.

Now, for the sake of clarity, the court identifies the claims in the operative third amended complaint (ECF No. 65), upon which this action proceeds:

(1) Violation of the Eighth Amendment and the Equal Protection Clause of the 14th Amendment by defendants Meinholz and Britton for denying plaintiff an extra mattress and other medical necessities;

(2) Violation of the Eighth Amendment and the Equal Protection Clause of the 14th Amendment by CFMG for policies regarding extra blankets and mattresses and allotment of funds per inmate for medical care; and

(3) Violation of the Eighth Amendment by defendants Olson and Bianchi for denying or interfering with plaintiff's Humira prescription.

These claims arose from plaintiff's conditions of confinement at the El Dorado County Jail between July 6, 2016 and August 3, 2016. As before, however, plaintiff alleges that he previously encountered racial discrimination while confined to the El Dorado County Jail from April 12, 2012 to February 25, 2015. *Id.* at 12, 15.

Motion to Compel

I.   Interrogatories

The first discovery request at issue is interrogatory no. 7, set one. It requested that CFMG identify all dentists employed by CFMG who provided dental care at the jail between April 1, 2012 and February 28, 2015. CFMG objected to the request as seeking information that is not proportional to the issues raised in the case during the timeframe in 2016 when plaintiff's claims arose. In its opposition brief, CFMG asserts that plaintiff's request is "an outright failure to abide by the court's screening orders." ECF No. 70 at 7. While the court's screening orders identify

cognizable claims, they do not define or purport to define the scope of information that may be relevant to those claims in accordance with Rule 26(b)(1) of the Federal Rules of Civil Procedure. Plaintiff states in his motion to compel that he experienced "an incident involving racism with his dental care" and wishes to contact the dentist with whom he discussed the issue. ECF No. 67 at 4-5. Plaintiff's request does not exceed the scope of discovery relevant to this case and defendant shall provide a response.

Next at issue is interrogatory no. 13, set one. It requested that CFMG identify its policies that determine when an inmate shall bear the cost of any medical treatment or necessity while being housed at the jail. CFMG objected to the request as lacking any time reference. In a meet and confer letter dated March 18, 2020, plaintiff referred CFMG to the definition of "relevant times," which plaintiff had included with his interrogatories. ECF No. 67, Ex. D at 66; *see also* ECF No. 67 at 16, Ex. A (defining "relevant times" as "between April 1st, 2012 and February 28, 2015 and [b]etween June 1st, 2016 and August 31st, 2016."). Defendant responded that even under that time frame, the request was beyond the scope of discovery. *See id.* Ex. E at 71 (warning plaintiff that his request had "gone outside the scope of the case as defined and permitted by the court"). As stated above, the court has yet to issue any order defining the scope of discovery in this case. Defendant's objection is overruled.

Plaintiff also seeks to compel a response to interrogatory no. 17, set one. There, he requested that CFMG identify any racial sensitivity training received by any person employed by CFMG who provided medical service at the jail during or prior to relevant times. CFMG initially objected to the phrase "sensitivity training" as lacking sufficient specificity. In a meet and confer letter, plaintiff clarified that he meant "racial sensitivity training." *Id.* Ex. D at 67. Defendant's response to plaintiff erroneously stated that "there is no issue as permitted by the court in this case concerning alleged 'racial discrimination.'" *Id.*, Ex E at 72. CFMG doubles down on this point in its opposition brief. *See* ECF No. 70 at 7-8 (stating that the court's "screening orders . . . did not find there were any facts pled in any complaint that set forth a cognizable claim for racial discrimination. Nowhere does plaintiff hint at any specific comment, action or inaction that had racial overtones . . . ."). CFMG's misreading of plaintiff's claims and this court's earlier orders is

4

perplexing. Plaintiff has alleged racial discrimination since the filing of his original complaint, and in every screening order issued thereafter the court has identified as cognizable a Fourteenth Amendment equal protection claim. *See* ECF No. 6 at 3; ECF No. 12 at 3; ECF No. 45 at 3, 5. CFMG's objections to this request are overruled.

## II. Requests for Admissions

In request for admission no. 6, set one, plaintiff asked CFMG to admit that its agreement with El Dorado County relating to its provision of medical care to inmates at the jail did not provide specific regulatory provisions to protect jail inmates against racial discrimination. Defendant responded that: "Defendant objects to this admission as it assumes, apparently, that the medical provider at the Jail had control over the provisions of the El Dorado County Jail applicable to the conditions of confinement related to 'racial discrimination.'" ECF No. 70 at 8. CFMG added that "the medical provider and personnel delivered care as needed to inmate patients irrespective of the patient's race." *Id.* Defendant's statements are nonresponsive to the request. No. 6 simply asks CFMG to admit that its agreement with the County did not provide specific regulatory provisions for protecting inmates against discrimination based on race. The agreement either did or did not contain such a provision. CFMG is ordered to either admit or deny this request for admission.

## III. Requests for Production

In request for production no. 1, set one, plaintiff requested a complete and true copy of CFMG's contract with El Dorado County relating to CFMG providing medical care to inmates at the jail. CFMG objected to the request as lacking specificity as to the year of the contract being requested. In its opposition brief, CFMG represents that the parties have resolved this dispute and that it will produce a response to plaintiff in due course. ECF No. 70 at 9. In his reply, however, plaintiff states that out of frustration, he agreed to receiving only a copy of the 2016 contract. ECF No. 72 at 5. He would also like the contracts from the years 2012 to 2015. *Id.* CFMG shall also provide those contracts to plaintiff.

In request for production no. 2, set three, plaintiff requested a list of all inmates who CFMG or its employees recommended receive an extra blanket or mattress during "relevant

5

times." CFMG again objected to plaintiff's definition of relevant times "as beyond the scope of this court's orders in this matter." ECF No. 70 at 9. That objection is overruled for the same reasons discussed above.

CFMG also objected to the request as disproportionate to the issues in this case. *Id.* That objection too is overruled. Plaintiff specifically alleges that white inmates who did not meet the stated criteria for extra blankets and mattresses received them while plaintiff, an African American, was denied them. ECF No. 65 at 14-15. This request goes to the heart of plaintiff's racial discrimination claim and is highly relevant. On the other hand, CFMG tries to predicate its proportionality argument on a claim that requiring a review of inmate files would somehow pose a health and safety risk in light of COVID-19. ECF No. 70 at 10. That speculative contention is otherwise unexplained and unsupported by any evidence.

The objections are overruled. Defendant shall respond to plaintiff's request for production, and shall also include the race of each inmate referenced. If defendant needs an extension of time to satisfy this request for production because of limited staff due to the COVID-19 pandemic, defendant may submit an appropriate request supported by a declaration setting forth the facts that establish good cause for granting additional time.

## Conclusion

Accordingly, IT IS ORDERED that plaintiff's motion to compel (ECF No. 67) is GRANTED. CFMG shall serve supplemental discovery responses to plaintiff as provided herein within 30 days from the date of service of this order.

DATED: August 4, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6